**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CIVIL ACTION NO. 15-138-DLB-EBA

BRITTANY HARRIS                                                        PLAINTIFF

v.                          **MEMORANDUM ORDER**

KIMBERLY KLARE                                            DEFENDANT

* * * * * * * * * * * * * * * * * *

This matter is before the Court upon Defendant Kimberly Klare's Motion in Limine (Doc. # 61), wherein the Defendant seeks to exclude from trial any argument or evidence related to Officer Klare's past performance reviews and disciplinary records and her past involvement in litigation. Plaintiff having filed a Response (Doc. # 62) and Defendant having filed a Reply (Doc. # 63), the Motion is now ripe for the Court's review. On April 11, 2019, the Court held a Final Pretrial Conference, during which time the Court heard oral arguments on the pending Motion. For the reasons that follow, the Defendant's Motion in Limine (Doc. # 61) is **granted**.

**I. ANALYSIS**

    **A. Standard of Review**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. Unites States,* 469 U.S. 38, 41 n. 4 (1984). "The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and

1

interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures— including motions *in limine*—in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner,* 173 F.3d 966, 970 (6th Cir. 1999).

### B. Prior Litigation and Personnel Records

Defendant Klare seeks to have the Court exclude from trial "the introduction of, reference to, or use of . . . any performance reviews or past discipline of Officer Klare contained in her personnel file" and "any prior lawsuits to which Officer Klare was a named party." (Doc. # 61). Defendant Klare argues that this evidence is irrelevant to the case before the Court and is improper character evidence. (Doc. # 61-1 at 3-6). Plaintiff Harris suggests that she may use this evidence for impeachment purposes during trial, rather than as affirmative evidence. (Doc. # 62 at 1). Harris does not appear to dispute Defendant's contention that the evidence would otherwise be improper. (Doc. # 62). Defendant Klare argues, however, that even used as impeachment evidence, the evidence at issue is highly prejudicial and must be excluded. (Doc. # 63 at 2-3).

The Plaintiff has conceded that she does not plan to use the evidence affirmatively. The Plaintiff, however, notes that "circumstances and trial preparation change as trial proceeds" and seems to allude to the possibility of using this evidence affirmatively at trial. Plaintiff fails, however, to put forth arguments rebutting Defendant's assertion that the evidence is irrelevant and improper character evidence. Plaintiff has failed to pass even the most basic threshold evidentiary test, showing that such evidence of prior acts could be relevant to the case at hand. Fed. R. Evid. 401. Until such a showing is made, the Court will not speculate as to the possible relevance and admissibility. Thus, the

Motion in Limine must be **granted** as to the use of this evidence affirmatively, as the Plaintiff fails to put forth evidence that it is relevant and not improper.

Plaintiff is also unable to put forth an exemplary instance during which the evidence could appropriately be used for impeachment. (Doc. # 62). Impeachment evidence is used to attack the credibility of a testifying witness. Impeachment of a witness can occur in a number of ways: "[c]ontradiction through another witness; [a] showing that the witness made a prior inconsistent statement; [a]n attack on character for truthfulness; [a] showing of prior conviction; [a] showing of bias or interest; or [a] showing of defects in the witness's perception or ability to observe." Roger C. Park & Aviva Orenstein, Trial Objections Handbook § 7:2 (2d ed. 2018).

Plaintiff has failed to show how the personnel records or evidence of prior litigation could be used for impeachment purposes in any of these ways. Thus, the Court is left to speculate about whether the opportunity would arise during trial for the at-issue evidence to be used to impeach. The Court finds Defendant's argument that Plaintiff would not be able to use the evidence for impeachment purposes without first using it affirmatively to be persuasive. (Doc. # 63 at 4). Until Plaintiff is able to show the Court that such evidence is appropriately admissible, it will be excluded.

## II. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant's Motion in Limine is **GRANTED**. Plaintiff may not introduce evidence of, or reference, Klare's past performance reviews or discipline, or any prior involvement in litigation. If Plaintiff believes that Defendant Klare has opened the door during trial to potentially use this excluded evidence to impeach,

Plaintiff must do so outside the presence of the jury to allow the Court to make that determination.

This 11th day of April, 2019.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\Cov2015\15-138 Order re MIL .docx

4